UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

LEWIS PITSCH

Plaintiff                                  Hon.

v.

ROBALO BOATS, LLC, and
GULL LAKE MARINE, INC. d/b/a Marine Center

    Defendants.

---

## I.     JURISDICTION

1. The court has jurisdiction over Plaintiff's Magnuson-Moss warranty claim. jurisdiction pursuant to 15 U.S.C § 2310 (d)(1)(B) et seq.

2. The court has federal question jurisdiction pursuant to 28 U.S.C § 1331.

3. The court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C § 1367.

## II.     PARTIES

4. Plaintiff is an individual who resides in the city of Grand Rapids, Kent County, Michigan.

5. Defendant Robalo Boats LLC, ("Robalo") is a Georgia limited liability company doing business in Michigan by selling boats to consumers in Michigan through its authorized dealers.

6. Defendant Gull Lake Marine, Inc. d/b/a Marine Center ("Marine Center") is a Robalo dealership selling boats to consumers in Coopersville, Ottawa County, Michigan.

7. Robalo is the manufacturer of Plaintiff's Robalo R300 (the "boat").

1

### III. FACTS

8. On December 15, 2017, Plaintiff purchased the boat from Marine Center for $158,500.00, including accessories and tax.

9. On April 2, 2018, Marine Center delivered the boat to Plaintiff.

10. Plaintiff is the original purchaser of the boat, as defined by the Robalo warranty.

11. Robalo provided a ten-year structural hull warranty which provides that if the hull is structurally defective Robalo or its authorized dealer will repair it. (Exhibit 1).

12. The boat is subject to implied warranties that it would be merchantable, pass without objection in the trade, and be fit for the use intended, M.C.L. §§440.2314 and 440.2315.

13. On September 8, 2020, Defendant Marine Center received the boat for hull cleaning.

14. September 9, 2020, Marine Center staff told Plaintiff they watched and heard the hull cracking during the process of cleaning it.

15. The hull cracks are structural defects that cause the boat to be unsafe and unfit for use under normal operating conditions. (Exhibit 2)

16. Defendants have not determined the cause of the hull cracks.

17. Defendants have not disputed that the cracks in the hull are structural.

18. Defendants have suggested a new hull replacement may be necessary to ensure the boat would be seaworthy.

19. On October 13, 2020, Plaintiff sent notice to Defendants stating he revokes the acceptance of the Robalo and rescinds the sale transaction pursuant to MCL 440.2608. (Exhibit 3).

20. Defendants have not repaired the damage to the hull.

21. The condition of the hull indicates the vessel is not capable of providing safe and reliable boating.

22. Plaintiff has lost faith that the boat could be used without endangering the life and property of persons aboard.

23. The boat does not comply with express and implied warranties.

## COUNT I – MAGNUSON-MOSS WARRANTY ACT

24. Plaintiff incorporates the previous paragraphs.

25. Plaintiff's boat is a "consumer product" as defined by the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.

26. Plaintiff is a "consumer" as defined by the Magnuson-Moss Warranty Act.

27. Defendant Robalo is "warrantor" as defined by the Magnuson-Moss Warranty Act.

28. By failing to comply with the express and/or implied warranties, as stated above, Defendants violated the Magnuson-Moss Warranty Act, §2301 *et seq*.

WHEREFORE, Plaintiff requests judgment against Defendant in an amount to be determined by the Court plus costs and reasonable attorney fees under to 15 USC § 2310 (d).

## COUNT II – BREACH OF WARRANTY

29. Plaintiff incorporates the previous paragraphs.

30. Defendants failed to comply with both express and implied warranties in that the boat was not merchantable, was not fit for its intended use and would not pass without objection in the trade.

31. Will express an implied warranty failed its purpose because the defendants have not repaired the boat to a condition where it would be safe for ordinary use.

WHEREFORE, Plaintiff requests judgment against Defendant in an amount to be determined by the Court plus costs and reasonable attorney fees

## COUNT III -REVOCATION AND RESCISSION

32. MCL 440.2608 (1) and (2) provide that the buyer may revoke his acceptance for a nonconformity that substantially impairs its value to him.
33. Plaintiff accepted the boat without discovery of defects in the hull.
34. Plaintiff's acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
35. Plaintiff's revocation of acceptance occurred within a reasonable time after he was notified by the dealer of the hull cracking.
36. Plaintiff has not caused any substantial change in condition of the goods since he left the boat with the dealer for cleaning.
37. Defendant Marine Center has been in possession and control of the boat since it received it for cleaning.
38. Plaintiff sent notice of revocation and rescission on October 13, 2020.
39. Plaintiff is entitled to revoke his acceptance pursuant to MCL 440.2608, to rescind the contract and to recover the purchase price pursuant to MCL 440.2711.
40. MCL 440.2608 (3) provides that a buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.
41. Upon revocation and rescission, Defendants have no right to cure.

WHEREFORE, Plaintiff requests judgment against Defendant in an amount to be determined by the Court plus costs and reasonable attorney fees.

## COUNT IV – SUBSTANTIAL IMPAIRMENT / SHAKEN FAITH

42. Plaintiff incorporates the previous paragraphs.

43. Defendants have not explained why the boat's hull cracked during cleaning.

44. As a result of the hull cracking the boat is diminished in value and interferes with its use to a substantial degree.

45. Plaintiff cannot use the boat for the purpose intended for use on water.

46. The boat's value to the Plaintiff is substantially impaired by the condition of the hull.

47. Repairs to the boat may result in the same defect that occurred upon cleaning because the Defendants have not determined what caused the hull to crack.

48. Plaintiff has lost faith in the integrity and reliability of the boat.

49. Plaintiff has lost faith that the boat could be used without endangering the life, safety and property of persons aboard.

50. As a result of the lost faith in the boat, Plaintiff justifiably revoked his acceptance under MCL 440.2608 and the Defendants have no right to cure.

WHEREFORE, Plaintiff requests judgment against Defendant in an amount to be determined by the Court plus costs and reasonable attorney fees.

## COUNT V -- MICHIGAN CONSUMER PROTECTION ACT

51. Plaintiff incorporates the previous paragraphs.

52. Defendant Robalo is engaged in "trade or commerce" within the meaning of the Michigan Consumer Protection Act, MCL § 445.901 et seq. and the transaction described herein was an act or practice in the conduct of trade or commerce.

53. Defendant Robalo violated the Michigan Consumer Protection Act by

failing to provide the promised benefits of the transaction, in violation of MCL 445.903 (1)(y).

WHEREFORE, plaintiff prays for damages against Robalo in the amount of at least $250 plus costs of this action and reasonable attorney fees pursuant to MCL 445.911.

Dated: January 18, 2021

/s/ Teresa Hendricks
Teresa M. Hendricks (P46500)
Attorney for Plaintiff
1115 Taylor Ave N Suite 110
Grand Rapids, MI 49503
(616) 956-1900
teresa@hwsattorneys.com

/s/Michael O. Nelson
Michael O. Nelson (P23546)
Attorney for Plaintiff
1104 Fuller NE
Grand Rapids, MI 49503
(616) 559-2665
mnelson@michconsumerlaw.com